IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| NANCY MALONEY, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | 1:06CV00124 |
| DISCIPLES LIMITED, LLC , COLVIN, ENTERPRISES, INC., and JOHN K. COLVIN, | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This matter is before the Court on Plaintiffs' Motion for Default Judgment and Hearing on Damages pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. [Doc. # 15]. As discussed below, the Motion for Default Judgment will be GRANTED, the Motion for Hearing is DENIED, and Plaintiffs are instructed to submitted the requisite affidavits supporting a damage award and a request for attorneys' fees within 20 days of the date of this ORDER.

I.

Plaintiffs filed the Complaint in this action on February 6, 2006 asserting various causes of action – including non-payment of promissory notes, fraud, numerous securities violations, and unfair and deceptive trade practices – and seeking damages sustained as the result of an allegedly fraudulent investment scheme. [Doc. # 1]. Plaintiffs assert that they invested funds with Defendants and

were issued promissory notes for their principal investment plus 12% interest. Plaintiffs further assert that Defendants have failed to pay any interest and have failed to return the initial investment after repeated demands. Plaintiffs seek damages in the amount of $2,793,778 plus interest at the rate of 12% from the date of filing of the Complaint, treble damages together with prejudgment interest, and attorneys' fees and costs.

Defendants executed Waivers of Service of Summons, however, Defendants have not filed an Answer to the Complaint. On May 1, 2006, Plaintiffs moved for an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and default was entered by the Clerk on May 2, 2006. After the Clerk's Entry of Default, Plaintiffs filed the instant motion for Default Judgment.

II.

Upon default, the well-pleaded allegations of the complaint are taken as true, however, the allegations with respect to damages are not deemed admitted. See Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."). In determining the amount of damages to award in a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2). In their motion for default judgment, Plaintiffs cite rule 55(b)(2) and request a hearing to determine the amount of damages.

2

It is not necessary to conduct a hearing in all cases involving a motion for default judgment. Rather, a hearing is required only when the damages sought are not "a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Moreover, in applying Rule 55(b)(2), "[c]ourts have broad discretion to determine whether a hearing is 'necessary and proper,' and where the court possesses an adequate basis on which to enter a damage award, it need not conduct a hearing." Diversified Financial Sys., Inc. v. Tomich Corp., No. 95 CV 4211, 1997 WL 177873, at *3 (E.D.N.Y. 1997); JTH Tax, Inc. v. Smith, No. 2:06CV76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

In this case, Plaintiffs seek damages for non-payment of promissory notes plus interest due on the notes. In similar cases involving default judgments and promissory notes, courts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence. See Diversified, 1997 WL 177873 at *3 (explaining that hearing not necessary where "fees and costs due are fixed by the terms of the Note and the guarantees"); Design & Dev., Inc. v. Vibromatic Mfg., Inc., 58 F.R.D. 71, 74 (E.D. Pa. 1973) (finding that action involving a promissory note was for a sum certain or

3

a sum that "could by computation be made certain").

Within 20 days of the date of this Order, Plaintiffs are instructed to file an affidavit, along with supporting documentary evidence, outlining damages sustained by Plaintiffs due to nonpayment of the promissory notes.

II.

Plaintiffs also seek treble damages and an award of attorneys' fees and costs pursuant to the North Carolina Unfair and Deceptive Trade Practices Act. <u>See</u> N.C. Gen. Stat. §§ 75-16, 75-16.1. As noted above, when a defendant fails to file an Answer, the factual allegations in the complaint are deemed true. In this case, the Complaint alleges that Defendants made material misrepresentations to Plaintiffs and failed to disclose information to Plaintiffs in the offer and sale of the promissory notes. In particular, Plaintiffs allege that Defendants misrepresented the following: (1) that Defendant Colvin was an officer, director and/or managing member of the entities in whom Plaintiffs believed they were investing when he was actually nothing more than a "finder" for investors in the entities; (2) that the entities in whom Plaintiffs believed they were investing were "safe" when Defendants had actual knowledge that these entities "had already defaulted on millions of dollars of unsecured promissory notes issued" under similar investment schemes; and (3) that after the notes were in default, Defendant Colvin "repeatedly made false statements to Plaintiffs concerning the assets and financial condition" of the Defendant entities in order to lull "Plaintiffs into believing that their

4

investments" would be repaid. [Doc. # 1, ¶ 34].

In addition, Plaintiffs have alleged that: (1) Defendants failed to disclose that there was no viable investment strategy that would allow Defendants to return the principal and interest required by the notes; and (2) Defendants failed to disclose that Plaintiffs' funds would be invested in "several speculative coal mining and reserve companies that had no track record of generating any substantial coal mining revenue, were grossly undercapitalized" and "had outstanding indebtedness to various creditors . . . in excess of $40,000,000." [Doc. #1, ¶ 34].

The essential elements of actionable fraud under North Carolina law are: "(1)[f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." RD & J Props. v. Lauralea-Dilton Enters., LLC., 165 N.C. App. 737, 744, 600 S.E.2d 492, 498 (2004) (citations omitted). Based on the allegations in the Complaint, which are assumed to be true, Plaintiffs have established that Defendants committed fraud. Furthermore, it is well established that proof of fraud necessarily constitutes a violation of the North Carolina Unfair and Deceptive Trade Practices Act. See Hardy v. Toler, 288 N.C. 303, 309, 218 S.E.2d 342, 346 (1975). As such, Plaintiffs are entitled to treble damages pursuant to N.C. Gen. Stat. § 75-16.

To award attorneys' fees under N.C. Gen. Stat. § 75-16 .1, the Court must find that the actions of the defendants were willful, that they refused to resolve

the matter fully, and that the requested attorneys' fees are reasonable.  <u>Barbee v. Atlantic Marine Sales & Serv., Inc.</u>, 115 N.C. App. 641, 648, 446 S.E.2d 117, 122 (1994). Based on the facts discussed above, Plaintiffs would be entitled to an award of attorneys' fees and costs.  Clearly, the conduct of Defendants in encouraging Plaintiffs to invest in a fraudulent scheme was wilful.  In addition, Defendants' refusal to resolve the matter fully is evident by the fact that Plaintiffs have tried for some time to obtain repayment of the promissory notes and interest to no avail and further evident by Defendants' failure to file Answers in this matter.  Moreover, it appears that an award of attorneys' fees would be reasonable on these facts.

Counsel for Plaintiffs is instructed to file an affidavit in support of a request for attorneys' fees within 20 days of the date of this Memorandum Order.

III.

In sum, the Motion for Default Judgment will be GRANTED, and the Motion for Hearing is DENIED.  Within 20 days of the date of this ORDER, Plaintiffs should submit affidavits supporting the damages sought in the prayer for relief and a request for attorneys' fees and costs.  After the affidavits are submitted and the reasonableness of the requested attorneys' fees and costs are determined, default judgment will be entered for Plaintiffs.

This the day of May 8, 2007

       /s/ N. Carlton Tilley, Jr.
United States District Judge